STATE of Missouri,
Plaintiff–Respondent,

v.

Julie Drake WILLERS,
Defendant–Appellant.

No. 16432.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 13, 1990.

Motion for Rehearing or to Transfer to Supreme Court Denied March 7, 1990.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James R. Spradling, Carthage, for defendant-appellant.

GREENE, Judge.

Julie Drake Willers was jury-convicted of selling an unauthorized controlled substance (methamphetamine) and sentenced to five years' imprisonment. She appeals, contending that her prosecution constituted double jeopardy because two prior trials on the same charge resulted in mistrials. We affirm.

Willers was charged in separate informations filed in the Circuit Court of Vernon County, Missouri, with the crimes of selling methamphetamine to Henry Doug Bell, a police informant, on October 2, 1987, and October 14, 1987. After the cases were consolidated for trial, venue was transferred to Barton County. At the first trial, which was held on May 24, 1988, a mistrial was declared as requested by the defense, after it was disclosed that the prosecutor had not, as previously ordered by the court, furnished the defendant with copies of the tape recordings made by the State which had secretly recorded conversations between Willers and Bell.

The case was tried for a second time on January 30, 1989. This trial resulted in a hung jury, and a mistrial was declared. Prior to the third trial, defense counsel filed a motion to dismiss, which states as follows:

Comes now Julie Drake Willers and moves the Court to dismiss the above-entitled action on the grounds that the Defendant has been placed in jeopardy twice for the same crime in violation of the Constitution of the United States and the State of Missouri for the following reasons:

1. That at a previous trial of the case a mistrial was declared because of prosecutorial misconduct.

2. The Prosecuting Attorney subsequently entered a nolle pros in the case.

3. That the Prosecuting Attorney has now refiled the same charges in this case.

4. The cause was tried again in the Circuit Court of Barton County, Missouri, General Division, on January 30, 1989, when a mistrial was declared when the jury failed to reach a verdict.

This motion was overruled. The case was tried for a third time on May 4, 1989, at which time the jury found Willers guilty on Count I and not guilty on Count II. This appeal followed.

The sole point relied on in Willers' appellate brief is that she was placed in double

jeopardy by the successive trials, "all of which amounted to prosecutorial overreaching or harassment of the defendant, thus placing defendant in double jeopardy by repeated prosecutions for the same offense."

The double jeopardy clause of the fifth amendment of the U.S. Constitution protects a criminal defendant from repeated prosecutions for the same offense. *Oregon v. Kennedy*, 456 U.S. 667, 671, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982). This right attaches at the time the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 35, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978). Following the attachment of jeopardy, if a mistrial is declared and the jury discharged, a defendant may be retried in one of two circumstances. The first is one in which the mistrial is declared by the trial court without the defendant's request or consent, after the trial court, in its discretion, concludes that justice would not be served by a continuation of the proceedings. An example of a situation sufficient to remove the double jeopardy bar in a court-declared mistrial is after a jury's announcement that it is unable to reach a verdict. The second circumstance is one in which the defendant requests or consents to the mistrial. In this circumstance, however, if the defendant's mistrial request was motivated by prosecutorial conduct which was intended to goad the defendant into requesting a mistrial, double jeopardy will bar reprosecution. *State v. Fitzpatrick*, 676 S.W.2d 831, 834–835 (Mo. banc 1984).

The first mistrial here was granted after the defendant requested it. The burden is on the defendant to prove that this request was the result of erroneous prosecutorial conduct calculated to coerce the defendant into requesting a mistrial. *State v. Moore*, 690 S.W.2d 453, 457 (Mo. App.1985). Willers has not done so. The first trial was held on May 24, 1988. During the trial, the State was attempting to offer into evidence a tape recording that was surreptitiously made of a conversation between Willers and Bell. During a conversation between the attorneys and the trial judge, it was revealed that the prosecutor had not, as had been previously or-

dered by the court, turned over copies of all of the tape recordings made of these conversations to defense counsel. Defense counsel then moved for a mistrial for failure by the State to comply with the disclosure order. The request was granted.

There is nothing in the record to indicate that the failure to disclose was done in bad faith, or for the purpose of forcing the defendant into the position of requesting a mistrial. In fact, it was the prosecutor's position that two of the tapes were of such poor quality that meaningful copies could not be made, that the State had advised defense counsel of that fact, and for that reason the inaudible tapes had not been furnished to defense counsel. The prosecutor had provided defense counsel with a copy of the tape the State intended to use in evidence. Since the prosecutorial misconduct, if any, did not amount to harassment to provoke a mistrial, no double jeopardy situation was created by the mistrial declared by the trial court. The same can be said of the second mistrial, as it came on the court's own motion after the jury had announced it was unable to arrive at a verdict.

Since we find no double jeopardy, the judgment of the trial court is affirmed.

CROW, P.J., and PREWITT and PARRISH, JJ., concur.